## CIRCUIT COURT OF SMYTH COUNTY

Barry L. Boyd

v.

Alton Baskerville,
Warden

August 13, 1998

By Judge Charles H. Smith, Jr.

This matter has been received in the clerk's office of this court for filing and for service of process. The documents include a "Petition for Writ of Habeas Corpus" and a "Petition" requesting leave to proceed *in forma pauperis*, exhibits, and authorities. Upon review of these documents, the court is of the opinion to, and will, deny the petition to proceed *in forma pauperis* for the following reasons.

1. The court chooses not to believe the prisoner's affidavit of indigency. As a convicted felon, his affirmations are entitled to little, if any, credit.

2. The court, upon review of the allegations in the petition, and as the trial judge, being aware of the proceedings, is of the opinion that the petition is frivolous and that to allow the filing of same would constitute an unjust waste of Commonwealth resources.

3. The court notes that the filing fee in this court for this petition is $10.00. The petitioner has admitted in his cover letter to the clerk of the court dated July 21, 1998, that he has been able to pay the U.S. Postal Service the full fee for mailing these voluminous records each time. At this point, this amounts to more than the total filing fee. Thus, the court concludes the petitioner has the funds or access to funds necessary to pay the filing fee.

The court is further of the opinion that the condition of being a prisoner does not confer or bestow indigency status nor automatically entitle one to the relief contemplated by § 14.1-183 of the Virginia Code. A convict is the author of his own fate. One who voluntarily commits a crime does so with full knowledge of the far-reaching consequences as to his liberty and economic

114

condition. A prisoner is a ward of the state and, as such, a drain on the taxpayers of the Commonwealth. The court is of the opinion it would be an abuse of its discretion to allow one who has voluntarily committed a crime to further deplete the resources of the Commonwealth by allowing him the benefit of a statute designed to aid the needy, disadvantaged, and underprivileged law abiding citizens of the Commonwealth.

It is, therefore, ordered that the petitioner shall not be allowed to proceed *in forma pauperis*, and the clerk of this court shall not allow the filing of this suit nor process to be issued thereon and shall return the same to the plaintiff.

The clerk shall send an attested copy of this Order to the petitioner along with the pleadings submitted.